UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5177

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RASHAWN LAMAR DAWKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, District Judge. (3:05-cr-00489-REP)

Submitted: June 22, 2007          Decided: July 13, 2007

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Grossman, CROWGEY & GROSSMAN, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashawn Lamar Dawkins was convicted after a jury trial of possession with intent to distribute cocaine base. The district court sentenced him to 293 months in prison. On appeal, he challenges the denial of his motion to suppress and the reasonableness of his sentence. We affirm.

Initially, we have reviewed the parties' arguments concerning the motion to suppress, and we find no reversible error. Accordingly, we hold that exigent circumstances supported the protective sweep for the reasons stated by the district court. (See J.A. at 160-72).

Dawkins next contends that the district court erred in failing to give him a variance sentence below the advisory Guidelines range on the ground that the Guidelines range was calculated on the basis of acquitted conduct. As Dawkins admits, the district court was free to consider acquitted conduct to determine the offense level under the Sentencing Guidelines, even after United States v. Booker, 543 U.S. 220 (2005). See United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir.), cert. denied, 126 S. Ct. 432 (2005); United States v. Williams, 399 F.3d 450, 454 (2d Cir. 2005). With respect to the court's decision not to impose a variance sentence, we review a post-Booker sentence "to determine whether the sentence is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th

- 2 -

Cir.), cert. denied, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), petition for cert. filed, ___U.S.L.W.___ (U.S. July 21, 2006) (No. 06-5439).

Dawkins' sentence at the top of the Guideline range was presumptively reasonable. In addition, the district court stated that it considered the 18 U.S.C.A. § 3553 (West 2000 & Supp. 2007) factors. Moreover, the acquitted conduct considered by the district court was amply supported by taped phone calls from Dawkins. To ignore such incriminating evidence would neither promote respect for the law nor provide just punishment as required by § 3553. Thus, we conclude that Dawkins has failed to rebut the presumption that his sentence was reasonable.

Accordingly, we affirm Dawkins' conviction and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED